UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| ANDRE DIXON and KIARA COKER, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 5: 18-453-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| MELISA BLAKEMAN, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Andre Dixon and Kiara Coker have filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 1915(e). *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

The plaintiffs' complaint is somewhat disjointed, but it appears that on May 18, 2018, a social worker at the high school attended by Tantre Dixon became concerned by her behavior. Tantre is the 16-year old daughter of plaintiff Andre Dixon. That concern bloomed into interviews that day involving Dixon, Tantre, Coker, the school social worker, and a police officer.

Apparently at 2 a.m. earlier that day, Dixon had argued heatedly with his daughter Tantre when she tried to leave the house early in the morning. Social workers employed by the Department of Community Based Services (DCBS) within Kentucky's Cabinet for Health and Family Services (CHFS) reported that they had received

a call from Tantra or another unnamed family member stating that during the argument Dixon had choked Tantre, and perhaps that other minor children in the home were in danger from Dixon. Dixon indicates that when Coker placed herself between himself and Tantre during the argument, Tantre fled the home.

A report issued by CHFS indicated that: (1) Dixon had been drinking that night; (2) Dixon head-butted Coker when she interceded during the argument; and (3) Dixon had hit Tantre in the past with an extension cord and a thorn-stick. In addition, during a phone call with the school social worker, Dixon allegedly stated that "[s]he doesn't need to butt into [my] business. I am not going to kill her but she needs an ass whooping." Based upon this information, Dixon was taken into custody at the school and was charged with fourth degree assault. Those criminal charges against Dixon remain pending as of this writing in *Commonwealth v. Dixon*, No. 18-M-3383 (Fayette Cir. Ct. 2018). CHFS then took temporary custody of the minor children. Tantre was evaluated by medical staff at the University of Kentucky, where she repeated that Dixon had choked her. [R. 1-1 at 1; 1-2 at 1-2; 1-3; 1-4]

In their complaint, plaintiffs vaguely assert that the defendants – three social workers employed by CHFS – violated their right to Due Process under the Fourteenth Amendment, as well as the Fourth Amendment by making statements in a warrant with reckless disregard for their truth. The defendants are sued solely

2

in their official capacities. Plaintiffs seek a Court Order compelling CHFS to return the minor children to Coker's custody and to purchase the family a new home. [R. 1 at 2-3, 4-5]

Having thoroughly reviewed the complaint and the materials the plaintiffs have filed in support of it, the Court concludes that it must be dismissed, without prejudice, at this time.

As a threshold matter, the official capacity claims against three employees of CHFS is, in actuality, a claim against CHFS itself. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). But CHFS is not subject to suit under § 1983 in federal court, both because a state agency is not a "person" subject to liability under Section 1983, and because the Eleventh Amendment deprives federal district courts of subject matter jurisdiction over a claim for money damages against a state and its agencies. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.") (internal quotation marks and citation omitted)). The claim for compensatory relief in the form of a new home therefore

3

cannot stand. However, to the extent plaintiffs seek injunctive relief against CHFS, that relief is available pursuant to *Ex parte Young*, 209 U.S. 123 (1908).

In this regard, Plaintiffs first allege that defendant Natasha Gray committed "judicial deception ... by deliberately and recklessly [making] false statements and omissions that were material to finding of probable Cause." [R. 1 at 4] But a complaint must set forth the grounds of the plaintiff's "entitle[ment] to relief." This requires more than a conclusory statement: to state a viable claim for relief, a complaint must sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Here, Dixon's narrative explanation of the basis for his claim [R. 1-1 at 1-2] does not set forth any allegedly false or incomplete statements by social workers Gray or Barrett which would give rise to a due process claim.[1] In sum, this conclusory claim is not supported by any specific facts to support it, and hence fails to state a claim upon which relief may be granted.

Regardless, this Court will abstain from considering the plaintiffs' claims because it appears that both the criminal and

---

[1] The plaintiffs' complaint also names another social worker, Melisa Blakeman, as a defendant, but they make no factual allegations or legal claims against her at all. The claims against Blakeman will therefore be dismissed for failure to state a claim.

4

child custody proceedings are still pending before the state courts and in administrative proceedings. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court must not interfere with pending state civil or criminal judicial proceedings where important state interests are involved. *Id*. at 44 45; see also *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367 68 (1989). *Younger* abstention may apply regardless of whether the federal plaintiff seeks monetary, injunctive, or declaratory relief. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998). Where applicable, the federal court must abstain from hearing the case on the merits. *Exec. Arts Studio v. City of Grand Rapids*, 391 F.3d 783, 791 (6th Cir. 2004).

*Younger* abstention should be applied if: (1) there are ongoing state judicial proceedings; (2) those proceedings implicate important state interests; and (3) the plaintiff has an adequate opportunity to assert his constitutional claims in those proceedings. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 435 (1982); *Gilbert v. Ferry*, 401 F.3d 411, 419 (6th Cir. 2005); *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003). The criminal charges against Dixon remain pending in the Fayette Circuit Court at this time, and that Court has a substantial interest in hearing his present challenge to the sufficiency and accuracy of information used as a basis to

establish probable cause to arrest him. Because Dixon's claim regarding probable cause should be raised and decided in the first instance by the Fayette Circuit Court, the Court concludes that *Younger* abstention is warranted.

In addition, a state-initiated proceeding to gain custody of children allegedly abused by their parents constitutes a proceeding "akin to" a criminal proceedings where *Younger* abstention may apply. *Moore v. Sims*, 442 U.S. 415, 419-420 (1979); *Tony Alamo Christian Ministries v. Selig*, 664 F. 3d 1245, 1248-50 (8th Cir. 2012). Because of the important state interests involved in child custody matters (particularly in the context of alleged abuse) and because the plaintiffs may assert their due process claims during those proceedings, abstention is warranted. *Hughes v. Hamann*, 23 F. App'x 337, 338 (6th Cir. 2001) ("An exception to federal court jurisdiction is generally recognized for cases in which the parties are seeking a declaration of their rights in the domestic relations context.") (citing *McLaughlin v. Cotner*, 193 F.3d 410, 413-14 (6th Cir. 1999)); *Torres v. Gaines*, 130 F. Supp. 2d 630, 635-36 (D. Conn. 2015).

Accordingly, it is **ORDERED** as follows:

1. Dixon and Coker's complaint [R. 1] is **DISMISSED**, without prejudice.

2. The Court will enter Judgment contemporaneously with this opinion

3.  This matter is **STRICKEN** from the active docket.

This the 17th day of July, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge